HAVOCO OF AMERICA, LTD., Plaintiff-Appellant,

v.

Elmer C. HILL, Defendant-Appellee.

No. 97-2277.

United States Court of Appeals,

Eleventh Circuit.

July 5, 2001.

Appeal from the United States District Court for the Northern District of Florida (No. 95-30585-CV-RV); Roger Vinson, Judge.

Before BIRCH and DUBINA, Circuit Judges, and SMITH[*], District Judge.

BIRCH, Circuit Judge:

In *Havoco of Am., Ltd. v. Hill,* 197 F.3d 1135 (11th Cir.1999), we certified the following question

to the Supreme Court of Florida:

> Does Article X, Section 4 of the Florida Constitution exempt a Florida homestead, where the debtor acquired the homestead using non-exempt funds with the specific intent of hindering, delaying, or defrauding creditors in violation of Fla. Stat. § 726.105 or Fla. Stat. §§ 222.29 and 222.30?

*Id.* at 1144. After a thorough review of the question, the Supreme Court of Florida issued the following

opinion:

> [W]e conclude that we must answer the certified question in the affirmative. The transfer of nonexempt assets into an exempt homestead with the intent to hinder, delay, or defraud creditors is not one of the three exceptions to the homestead exemption provided in article X, section 4. Nor can we reasonably extend our equitable lien jurisprudence to except such conduct from the exemption's protection. We have invoked equitable principles to reach beyond the literal language of the excepts only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead.

*Havoco of Am., Ltd. v. Hill,* --- So.2d ---- (Fla. June 21, 2001).

Accordingly, we AFFIRM the district court's holding that Hill's purchase of a home with non-exempt

funds, made with the intent to hinder creditors, does not overcome the Florida homestead exception.

---

[*]Honorable C. Lynwood Smith, U.S. District Judge for the Northern District of Alabama, sitting by designation.